# MUTUAL BUILDING AND LOAN ASSOCIATION
## *v.* GLESSNER.

Where by consent a case involving questions both of law and fact was tried by the judge without a jury, and a judgment rendered in the plaintiff's favor, to which (there being no motion for a new trial) direct exception was taken in the following words: "to which said decision and judgment of the court the defendants by their attorney then excepted, and now except and say

that the same was error, and now assign the same as error":
*Held*, that under the decisions of this court in *Mayor etc. of
Brunswick* v. *Moore, executrix,* and *Hall et al.* v. *Huff et al.,* 74
*Ga.* 409, and the cases cited in the latter, such assignment of
error was too general. It ought at least to have stated whether
the judgment was complained of as being contrary to law, or
contrary to evidence, or to both.

Argued November 17,—Decided November 23, 1896.

Practice in Supreme Court.

*E. A. Hawkins,* for plaintiff in error.
*Allen Fort* and *C. L. Glessner,* contra.

LUMPKIN, Justice.

The writ of error in this case was dismissed because the
bill of exceptions did not contain any clear and distinct as-
signment of error. The head-note does not require elabo-
ration. It cites the cases upon which our decision was
based, and they support the conclusion announced. The
difference between this case and those where general as-
signments of error are made upon the overruling of mo-
tions for new trials, is obvious. In such cases the grounds
of the motion usually point out the errors which the mov-
ant claims were committed at the trial. When this is
properly done, alleging error in denying the motion brings
under review the correctness of the rulings or decisions
of which the motion complains. But where a judge try-
ing the case upon the law and the facts disposes of it in a
single judgment with which the losing party is dissatisfied,
the latter in excepting to it ought certainly to give some
intimation of what the error consisted. Simply saying, in
effect, that such a judgment was wrong, without stating
any ground or reason why it was so, opens a broader field
of investigation than our law, which requires all errors to
be plainly and distinctly set forth, authorizes. It was
never contemplated that this court should search around in
a loose and general way to discover errors not brought to
its attention with, at least, a reasonable degree of clear-
ness and perspicuity.          *Writ of error dismissed.*