## WHEELER, sheriff, v. WORLEY.

A bill of exceptions in which there is no attempt to assign error upon a judgment rendered by the court without a jury except to state the contents of the judgment and add thereto the words, " to which judgment of the court [the plaintiff in error] then and there excepted and now excepts and assigns the same as error," does not comply with the statutory requirement that alleged errors shall be plainly and distinctly pointed out.

Submitted March 13, — Decided April 9, 1900.

Practice in the Supreme Court.

*A. G. McCurry* and *A. N. King,* for plaintiff in error.
*Joseph N. Worley,* contra.

LUMPKIN, P. J. This was a rule against a sheriff. His answer thereto was not traversed, and the court, upon the facts therein stated, made the rule absolute. The sheriff undertook to bring here for review the judgment rendered against him, reciting in his bill of exceptions that the court ordered him to pay over to the plaintiff a specified sum, and in default thereof that he be attached as provided by law, " to which judgment of the court [he] then and there excepted and now excepts and assigns the same as error." There is in his bill of exceptions no further attempt to make an assignment of error. This being so, the case falls within the principle laid down in *Kimball v. Williams,* 108 *Ga.* 812, wherein it was held that the statutory requirement that alleged errors shall be plainly and distinctly pointed out, being imperative and applying to all cases alike, was controlling in a case submitted to the presiding judge for decision upon an agreed statement of facts. Rendering a decision upon the untraversed answer of a sheriff to a rule against

33

him is, of course, in substance the same thing as deciding a controversy upon a statement of .facts agreed to as correct. Conceding that it may be gathered from the present bill of exceptions that the plaintiff in error seeks to bring under review, not an erroneous finding of fact, but an error of law committed by the trial judge in reaching his conclusion upon a state of facts as to which there was no controversy, it still remains true that such alleged error of law is not plainly and. distinctly pointed out. Indeed, it is not pointed out at all, and only by a resort to the brief of counsel filed in behalf of the plaintiff in error can the nature of his complaint in the premises be ascertained, or more than vaguely surmised.

*Writ of error dismissed. All the Justices concurring.*