KIRKLAND *et al. v.* ATLANTIC AND BIRMINGHAM RAIL-
WAY COMPANY.

1. Where an equitable petition seeking to obtain an injunction was filed,
and on the hearing, upon issues of both law and facts, a general order
was passed denying the injunction, a bill of exceptions which recited
such facts and then continued: "To which said judgment refusing and
denying the temporary injunction prayed the said plaintiffs then and
there excepted, and now except and assign the same as error, and say
that the court erred in not granting the temporary injunction as prayed
by plaintiffs in their petition," the bill of exceptions will not be dis-
missed for want of a sufficient assignment of error.
2. Regardless of whether the power conferred in the Civil Code, § 2171,
upon a railroad company chartered by the secretary of State to change
its right of way outside of a town or city, is limited to making such
change before final construction of the road, or whether it may make
the change after the road has been once located and constructed, the
decision in regard to the granting or refusing of an interlocutory in-
junction not appearing to have depended upon or been controlled by
questions of law alone, but also upon the decision of material issues of
fact, and there having been conflicting evidence as to such issues, es-
pecially as to the intention of the defendant in making such change, and
how it will affect the operation of the road relatively to the town where
the plaintiffs reside and do business, and as to the necessity for such
change, and whether or not it will be injurious to the plaintiffs and to
such town, and whether or not the plaintiffs, by reason of laches in not
applying for such injunction while the work of making the change was
openly progressing for about a year, and large expenditures were being
made in connection therewith, have lost any right which they may have
had to obtain the writ, there was no abuse of discretion in refusing the
interlocutory injunction.

Argued April 17,—Decided August 9, 1906.

Petition for injunction. Before Judge Parker. Ware superior.
court. February 3, 1906.

*F. Willis Dart* and *Charles T. Roan,* for plaintiffs.

*Rosser & Brandon* and *J. L. Sweat,* for defendant.

LUMPKIN, J. The practice has long prevailed of excepting to an
order granting or refusing an injunction, and assigning error upon
it, in a manner similar to that stated in the first headnote. It
would of course more clearly present the case for adjudication to
have errors assigned separately upon any ruling or rulings of law,
and upon any question or questions of fact; but where the presid-
ing judge renders a general judgment denying an interlocutory in-
junction, it might sometimes be difficult, if not almost impos-

sible, to make a more specific assignment than that now under consideration. If there is no conflicting evidence on material issues of fact, or if, treating the issues of fact as found adversely to the excepting party, the law demands a certain result, the question may be considered as one of law alone. If there is a conflict in regard to material questions of fact necessary for the adjudication, and the judgment denying the injunction is general, an exception of the character indicated will at least raise the question whether or not there was an abuse of discretion in such refusal; and this question has been determined many times on assignments of error no more specific than the one before us. It is true that a judge in such a case passes both upon questions of law and fact, and it is contended that the decisions holding that where by agreement a case is submitted to the judge without a jury on final trial, to determine both issues of law and fact, a general exception to his judgment is not sufficient, apply also to a case like this. There is, however, a difference. Where the case is on final trial, the province of the judge is to determine the questions of law, and the province of the jury is to determine the issues of fact, under the law as given them in charge. If by agreement the presiding judge exercises the functions of both judge and jury, and it is desired to except to his judgment, it is proper that it should appear in the exercise of which function it is claimed that he had erred, and what the error was. On the hearing of an application for an interlocutory injunction, under the law, the presiding judge passes both upon questions of law and fact, regardless of any consent of parties, and the rule does not apply to the same extent. A party can not· compel a judge, on such a hearing, to pass separately on questions of law and fact. The judge may prefer to pass upon the whole application as matter of sound discretion. The losing party can not well complain of specific rulings, if the judge made none. The legislature knew the manner of hearing applications for injunction when they provided for excepting to the grant or refusal of them. Of course, where distinct rulings are made as to questions of law, or where the bill of exceptions brings before this court separately questions of law, they can be more readily passed upon. But we are not prepared to hold that an assignment of error like the one now before us is so imperfect as to require a dismissal of the bill of exceptions on motion. See *Anderson* v. *Newton, 123 Ga.* 518, and cases cited in the opinion.

After a careful consideration of the record and bill of exceptions, the ruling of the presiding judge appears to have been, that, in the light of the questions of law raised, and the conflicting evidence on the substantial issues of fact, he exercised his discretion in refusing the injunction prayed. And in view of the entire case, and of the situation disclosed by the evidence, we can not say that he abused his discretion.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*