SMITH, administrator, *et al. v.* MARSHALL, administrator.

Where a motion was filed in the superior court to set aside a judgment rendered at a previous term of the court, and an answer was filed to the motion, raising issues of fact, and, when the case thus made came on for trial, it was agreed between counsel for both parties that the presiding judge should try the same "without a jury, and that the law and the facts be submitted to him," and he rendered a judgment disposing of the cause, to which judgment exception was taken, and the only assignment of error in the bill of exceptions is as follows: "to which ruling and judgment the defendants then and there excepted, and now except, and assign the same as error," such assignment of error is too general to be considered by this court, and the writ of error is dismissed.

Submitted July 18, 1906.—Decided January 17, 1907.

Practice in the Supreme Court.

*J. J. Bull,* for plaintiff in error. *Persons & McGehee,* contra.

BECK, J. The principle stated in the headnote has been announced in numerous decisions of this court. The Civil Code, § 5527, provides, that "either party in any civil cause, and the defendant in any criminal proceeding, in the superior courts of this State, may except to any sentence, judgment, or decision, or decree of such court, or of the judge thereof, in any matter heard at chambers. Such bill of exceptions shall specify plainly the decision complained of, and the alleged error, and shall be signed by the party, or his attorney or solicitor." And section 4637 provides that "when either party, in any cause in a justice's court . . or any inferior judicatory . . shall be dissatisfied with the decision or judgment in such cause, such party may apply for and obtain a writ of certiorari by petition to the superior court, in which petition he shall plainly and distinctly set forth the errors complained of." The latter section is referred to because the pro-

visions in regard to the sufficiency of exceptions to rulings and judgments in petitions for writs of certiorari and in bills of exceptions are very similar, and what is said in several of the decisions touching the insufficiency of exceptions in petitions for certiorari is applicable to assignments of error in bills of exceptions, when the question of the sufficiency or insufficiency of such assignments of error is under consideration. It was held in the case of *Wheeler v. Worley,* 110 *Ga.* 513, that "a bill of exceptions in which there is no attempt to assign error upon a judgment rendered by the court without a jury except to state the contents of the judgment and add thereto the words, 'to which judgment of the court [the plaintiff in error] then and there excepted and now excepts and assigns the same as error,' does not comply with the statutory requirement that alleged errors shall be plainly and distinctly pointed out." And in the case of *Citizens Banking Co. v. Paris,* 119 *Ga.* 517, it was held that a bill of exceptions which contains no sufficient assignment of error presents nothing for decision by the Supreme Court, and must be dismissed, many cases being cited to sustain the holding. See also the case of *Peavy v. Atkinson,* 108 *Ga.* 167. In the case of *Mutual B. & L. Asso. v. Glessner,* 99 *Ga.* 747, it was ruled that "where a judge trying the case upon the law and the facts disposes of it in a single judgment with which the losing party is dissatisfied, the latter in excepting to it ought certainly to give some intimation of what the error consisted. Simply saying, in effect, that such a judgment was wrong, without stating any ground or reason why it was so, opens a broader field of investigation than our law, which requires all errors to be plainly and distinctly set forth, authorizes. It was never contemplated that this court should search around in a loose and general way to discover errors not brought to its attention with, at least, a reasonable degree of clearness and perspicuity." See *Jackson Banking Co. v. Maddox,* ante, 96, and cit. In the instant case it will be observed that in the bill of exceptions the assignment of error does not even undertake to point out whether the verdict is contrary to law or evidence, or in what particular it is defective, or for what reason it should be set aside. And it follows that under the law as contained in the sections of the code referred to, and the rulings announced in the cases cited, the writ of error in this case must be

*Dismissed. All the Justices concur, except Fish, C. J., absent.*