### LOFTIS *v.* ALEXANDER *et al.*

HOLDEN, J. Suit was filed by the payee of notes secured by a deed from the maker of the notes to certain real estate, against the executor of the maker, to obtain a general judgment on the notes for the principal, interest, and attorney's fees due thereon, and a special lien on the property to the extent of the amount claimed, and costs of suit. It was alleged that notice of an intention to sue was given the defendant 10 days before the last return day of the term of court to which suit was brought. A purchaser from the executor, of the equity of the estate of the deceased maker of the notes and deed, filed an application, admitting the allegations of the petition, and making, among others, substantially the following averments: The suit was filed without any notice to him. In the contract between him and the executor he agreed to pay off the notes at maturity, and was prevented from paying the notes before suit

was brought thereon by reason of the statements and conduct of one representing the payee of the notes. After the suit was filed, Alexander [the payee], on November 5, 1910, "for a valuable consideration agreed to accept from defendant, on the following Monday, to wit, November 7, 1910, the sum of $4,888 in settlement of said indebtedness, and agreed, upon the payment of said amount, to cancel said note and said loan deed, and authorized the settlement of said suit upon the payment by defendant of the court costs. About 10 o'clock on Monday, November 7, 1910, defendant tendered to said Alexander $4,888, in lawful currency of the United States, in payment of said debt, and demanded the cancellation of said note and the satisfaction of said loan deed, and authority to have said case entered settled upon the payment by defendant of the court costs that had accrued. Said Alexander refused to accept said tender, to cancel said note, satisfy said loan deed, and authorize settlement of said suit upon the payment by defendant of the court costs." He prayed that he be allowed to intervene and become a party, and that the plaintiff be restricted to a recovery of only the principal and interest due on the notes to a specified date. *Held*, that there was no error in dismissing the application of the purchaser from the executor, and in refusing to allow him to become a party to the suit.

    *Judgment affirmed. Beck, J., absent. The other Justices concur.*
                 OCTOBER 28, 1911.

Intervention. Before Judge Pendleton. Fulton superior court. November 28, 1910.

*J. B. Stewart,* for plaintiff in error.

*R. B. Blackburn, Lowndes Calhoun,* and *L. Z. Rosser,* contra.