### 6593.　KENNEDY v. KENNEDY et al.

RUSSELL, C. J.　1.　The defendant in the lower court (realizing that a demurrer can not legally be filed at the second term after the filing of the suit) submitted a written motion to dismiss, in the nature of a demurrer, which must be treated as if it were merely an oral motion to dismiss the plaintiff's petition.　Even if the petition were subject to special demurrer, as suggested, it was not so defective (in failing to set forth a cause of action) as to be subject to summary dismissal; and therefore the trial judge did not err in overruling the motion to dismiss it.

2. Where a cause involving both questions of law and fact is adjudicated by the judge without the intervention of a jury, and the trial results in a finding in favor of the plaintiff, and upon writ of error to the judgment the only assignment of error is a general one, not specifying how or wherein the trial judge erred in his judgment, whether as to matter of law or as to matter of fact, the assignment is too general to be the foundation of a reversal. *Fidelity & Deposit Co. v. Anderson*, 102 *Ga.* 551 (28 S. E. 382), citing *Mayor of Brunswick* v. *Moore, Hall* v. *Huff*, 74 *Ga.* 409; *Mutual Building & Loan Association* v. *Glessner*, 99 *Ga.* 747 (27 S. E. 187).　See also *Wade* v. *Watson*, 133 *Ga.* 608, 615 (66 S. E. 922) ; *Joiner* v. *Stovall*, 12 *Ga. App.* 19 (76 S. E. 753).

*Judgment affirmed.*

DECIDED DECEMBER 3, 1915.

Complaint; from city court of Reidsville—Judge Collins.　March 5, 1915.

*H. H. Elders*, for plaintiff in error.

*Way & Burkhalter*, contra.