### 7460. TAYLOR v. COWART.

BROYLES, J. The costs in this action not having been paid, it is dismissed under the provisions of the Civil Code, § 6341.

*Writ of error dismissed.*

Distraint; from city court of Nashville—Judge Christian. March 13, 1916.

*W. G. Harrison,* for plaintiff in error. *C. E. Parrish,* contra.

---

### 7468. DUREN v. FIRST NATIONAL BANK OF MOULTRIE.

BROYLES, J. 1. This case was a proceeding against a sheriff for the distribution of money obtained from the sale of certain property under a distress warrant. The court did not err upon the trial in allowing an amendment setting up that the movant claimed the fund for the use of a third person. *Buffington* v. *Blackwell,* 52 *Ga.* 129.

2. This case was submitted to the trial judge, sitting by consent without the intervention of a jury. Evidence was introduced by both sides, and the judge passed an order directing that the sheriff pay over the money to the bank. The plaintiff in error made no motion for a new trial, but sued out a direct bill of exceptions, in which the assignment of error as to this order was in the following words: "to which ruling the said E. G. Duren excepted, now excepts, and assigns the same as error." A mandatory provision of the Civil Code, § 6139, is that the bill of exceptions shall specify plainly the decision complained of, and the alleged *error.* This attempted assignment of error does not specify the error complained of, and therefore is not sufficient to raise any question, either of law or of fact, for review in this court, and accordingly can not be considered. *Wheeler* v. *Worley,* 110 *Ga.* 513 (35 S. E. 639); *Kimball* v. *Williams,* 108 *Ga.* 812 (33 S. E. 994); *Patterson* v. *Beck,* 133 *Ga.* 701 (66 S. E. 911). *Judgment affirmed.*

DECIDED OCTOBER 4, 1916.

Money rule; from city court of Thomasville—Judge W. H. Hammond. March 28, 1916.

*Fondren Mitchell,* for plaintiff in error.

*McKenzie & Dowling,* contra.