8957.  CHARLESTON AND WESTERN CAROLINA RAILWAY COMPANY *v.* COTTONSEED OIL COMPANY.

1. Since in reckoning the period of 30 days within which a bill of exceptions must ordinarily be tendered to the trial judge (Civil Code, § 6152), only the first or last day shall be counted, and if the last day shall fall on the Sabbath another day shall be allowed in the computation, the bill of exceptions in this case was signed in time.

2. Where a motion to open a default and set aside a judgment is based both upon contentions as to its legal invalidity and upon reasons which necessarily must be supported by extrinsic evidence only, and the judgment complained of recites that the motion is overruled "after hearing

·arguments of counsel and considering the evidence submitted," and the only assignment of error in the bill of exceptions is that "the court erred in not granting said motion to open said default and to set aside the said judgment," the exception is too indefinite to present any question for consideration by this court or to furnish grounds for reversing· the judgment, since such a case does not involve the mere exercise of the discretion of the judge (as in the grant or refusal of a temporary injunction), and issues of both fact and law were determined by the judgment, and it is impossible for this ·court to know from the exception taken whether the judgment on the law or on the facts is complained of.

DECIDED MAY 16, 1918. REHEARING DENIED JULY 9, 1918.

Garnishment; from city court of Richmond county—Judge Black. May 4, 1917.

*W. K. Miller,* for plaintiff in error.

*Alexander & Lee,* contra.

WADE, C. J. A motion to dismiss the bill of exceptions in this case was made upon the grounds, (1) that it was not presented within the time prescribed by law, as the judgment complained of was rendered on May 4, 1917, at chambers, and the bill of exceptions was certified on June 4, 1917, more than 30 days from the date of the decision at chambers, "and therefore, under the provisions of section 6152 of the Civil Code (1910), was not certified within the time prescribed by law;" and (2) that no sufficient assignment of error is contained in the recital in the bill of exceptions that the appellant, "being dissatisfied with the ruling and desiring ·to except to the Court of Appeals, says that the court erred in not granting said motion to open said default and to set aside the said judgment."

1. Though this rule does not apply when a period of months or years is prescribed (*McLendon* v. *State,* 14 *Ga. App.* 274, 80 S. E. 692; *Brown* v. *Emerson Brick Co.,* 15 *Ga. App.* 332, 83 S. E. 160; *Hammond* v. *Clark,* 136 *Ga.* 313, 322, 72 S. E. 479, 38 L. R. A. (N. S.) 77), "when a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on the Sabbath, another day shall be allowed in the computation." Civil Code (1910), § 4, par. 8. This court must take cognizance of the fact that the month of May contains 31 days, and that therefore the period of time from May 4th to June 4th of any given year comprises more than 30 days, if either the first or the last day be counted as required by the statute. The ruling

in *Mott* v. *Brunswick Publishing Co.*, 117 *Ga.* 149 (43 S. E. 716), that where a judgment was rendered at chambers on June 30, 1902, and a bill of exceptions alleging error therein was tendered to the judge on July 30, 1902, this was not within 30 days from the date of the decision (the month of June having but 30 days), was declared, in *Rusk* v. *Hill,* 117 *Ga.* 722, 726, 727 (45 S. E. 42), to be erroneous, since, in computing the number of days included by this period, only the first or last day could be counted, and not both the first and the last. This court must likewise take cognizance of the further fact that in the year 1917, excluding May 4th, on which the decision complained of was made, as the *first* day of the period, and reckoning 30 days thereafter, the *last* or 30th day would fall on Sunday, the 3d day of June, 1917, and hence, under the precise provisions of the code-section quoted, the bill of exceptions would be signed in time if signed at any time on the day following, or on June 4th, the day on which it was actually signed by the trial judge. Therefore, by the recital in the bill of exceptions that the judgment complained of was rendered on May 4th, 1917, and by the date of the certificate of the trial judge, June 4th, 1917, it is affirmatively shown (as is required under the ruling in *Crawford* v. *Goodwin,* 128 *Ga.* 134, 57 S. E. 240) that the certificate to the bill of exceptions was signed within 30 days from the date of the judgment, and hence the bill itself was tendered within that period, and cannot be dismissed on the ground that it was not certified within the prescribed time. The bill of exceptions does not show that the court did not adjourn within 30 days from the date of its organization and opening, and therefore it does not appear that the plaintiff in error was entitled to 60 days from the date of the judgment (Civil Code, § 6152) within which to tender the bill of exceptions to the presiding judge. Of course it is well settled, by repeated adjudications, that a recital in a bill of exceptions that it was tendered to the presiding judge within the time prescribed by law is sufficient to prevent a dismissal upon the ground that it was tendered too late, even where the certificate of the presiding judge bears date more than 30 days or more than 60 days, as the case may be, from the date of the judgment, etc., complained of. Under the ruling made above, it is not, however, necessary to consider whether the recital in the bill of exceptions, "now, within the time prescribed by

law, *comes*" (italics ours) the plaintiff in error, etc., amounts or is equivalent to a statement that within the time prescribed by law comes the plaintiff in error and "tenders" the bill of exceptions, etc. .See, in connection with the entire subject, Civil Code (1910), § 6187; *Moore* v. *Kelly & Jones Co.,* 109 *Ga.* 798 (35 S. E. 168); *Taliaferro* v. *Smiley,* 112 *Ga.* 62 (37 S. E. 106); *American Freehold Mortgage Co.* v. *Walker,* 115 *Ga.* 737 (42 S. E. 59); *Miller* v. *Butler,* 137 *Ga.* 119 (72 S. E. 918); *Thompson* v. *Stephens,* 138 *Ga.* 205 (75 S. E. 136); *Harnage* v. *State,* 7 *Ga. App.* 573 (67 S. E. 694).

2. The second ground of the motion to dismiss the bill of exceptions is based upon the contention that the only assignment of error therein is insufficient to present to this court any definite question for determination. In *Kirkland* v. *Atlantic & Birmingham Ry. Co.,* 126 *Ga.* 246 (55 S. E. 23), a very clear statement of the rule applicable in determining the sufficiency of a general assignment of error in a bill of exceptions may be found. In that case there was an equitable petition to obtain an injunction, and at the hearing, upon issues of both law and fact, a general order was passed denying the injunction. The bill of exceptions recited these facts and then continued: "To which said judgment refusing and denying the temporary injunction prayed the said plaintiffs then and there excepted, and now except and assign the same as error, and say that the court erred in not granting the temporary injunction as prayed by plaintiffs in their petition." The Supreme Court declined to dismiss that bill of exceptions for want of a sufficient assignment of error, and in discussing the reasons for the ruling Mr. Justice Lumpkin said, that in such a case, "if there is a conflict in regard to material questions of fact necessary for the adjudication, and the judgment denying the injunction is general, an exception of the character indicated will at least raise the question whether or not there was an abuse of discretion in such refusal." Further on in the same case it was said: "Where the case is on final trial, the province of the judge is to determine the question of law, and the province of the jury is to determine the issues of fact, under the law as given them in charge. If by agreement the presiding judge exercises the functions of both judge and jury, and it is desired to except to his judgment, it is proper that it should appear in the exercise of which function it is claimed

that he had erred, and what the error was. On the hearing of an application for an interlocutory injunction, under the law, the presiding judge passes both upon questions of law and fact, regardless of any consent of parties, and the rule does not apply to the same extent." So it will appear that the *Kirkland* case, supra, deals with an exception to the general rule as laid down in *Wade* v. *Watson*, 133 *Ga.* 608 (62 S. E. 922), as follows: "Where a case which did not involve the mere exercise of the discretion of the judge in the grant or refusal of a temporary injunction, but was by consent on its final trial submitted to the judge to pass upon all questions of law and fact, an exception to his judgment in these words: 'To which judgment of the court defendant then and there excepted and now excepts, and assigns the same as error,' is too indefinite to present any question for consideration by this court or to furnish ground for reversing the judgment."

Again, in the case of *Patterson* v. *Beck*, 133 *Ga.* 701 (66 S. E. 911), may be found a full discussion (also by Mr. Justice Lumpkin) of this identical question, and various apparent conflicts in the rule that the "bill of exceptions shall specify plainly the decision complained of and the alleged error" (Civil Code, § 6139) are reconciled. In that case the following language, used in *Mutual Building & Loan Asso.* v. *Glessner*, 99 *Ga.* 747, 748 (27 S. E. 187), is quoted with approval: "But where a judge trying the case upon the law and the facts disposes of it in a single judgment with which the losing party is dissatisfied, the latter in excepting to it ought certainly to give some intimation of what the error consisted. Simply saying, in effect, that such a judgment was wrong, without stating any ground or reason why it was so, opens a broader field of investigation than our law, which requires all errors to be plainly and distinctly set forth, authorizes. It was never contemplated that this court should search around in a loose and general way to discover errors not brought to its attention with, at least, a reasonable degree of clearness and perspicuity." It was held in the *Patterson* case, supra, that the motion to dismiss must be overruled because it was distinctly shown that there was no controversy about facts, that only one question of law was submitted to the court, and that the court decided it adversely to the contentions of the plaintiff in error, and entered a judgment against him, and that he excepted and assigned this as error. In

the opinion in that case it was also said: "Suppose that a case were submitted to a judge without a jury, in which there were various issues of law and of fact, and that he should render a general judgment in favor of the plaintiff for a sum of money. What question would a mere general exception that this was error present to this court for decision? Would it mean that the judgment on the facts was contrary to the evidence, or without evidence to support it, or that the judgment was for too large a sum? Or that, without complaining of the finding on the facts, there was some error of law? And what error? Thus in *Wade* v. *Watson,* [133 *Ga.*] 608 (66 S. E. 922), the judge passed on issues both of law and fact, and there was a mere general exception. *Even where there was an agreed statement of facts* [italics ours], it has sometimes been held that a mere exception to a general judgment by the judge without a jury was insufficient, as the real complaint might be that the judgment was too large or too small, or bore interest, or that the rate of interest used was wrong, or that there should be no recovery at all under the law, or perhaps other matters. Other instances might be added, but these will suffice. Where there are several things involved in a judgment, the thing complained of ought to be made to appear." The identical ruling made in the *Wade* case, supra, was again made by the Supreme Court in *Adams* v. *May,* 145 *Ga.* 234 (88 S. E. 928).

In *Kimball* v. *Williams,* 108 *Ga.* 812 (33 S. E. 994), it was said: "This case was submitted to the presiding judge for decision without the intervention of a jury. A judgment was rendered in favor of the plaintiffs. The defendant's bill of exceptions makes no lawful assignment of error, the only attempt to do so being as follows: 'To which ruling and judgment the said defendant excepted and now assigns the same as error.' This language is entirely too general, and does not properly present any question for determination by this court. Accordingly, the writ of error must be dismissed. See *Fidelity & Deposit Co.* v. *Anderson,* 102 *Ga.* 551 [28 S. E. 282], and cases there cited; *Peavy* v. *Atkinson,* 108 *Ga.* 167 [33 S. E. 956]. The rule laid down in the above-cited cases is none the less applicable because this case was submitted upon an agreed statement of facts. The statutory requirement that alleged errors shall be plainly and distinctly pointed out is imperative and applies to all cases." In *Wheeler* v. *Worley,*

110 *Ga.* 513 (35 S. E. 639), it was held: "A bill of exceptions
in which there is no attempt to assign error upon a judgment ren-
dered by the court without a jury except to state the contents of
the judgment and add thereto the words, 'to which judgment of
the court [the plaintiff in error] then and there excepted and now
excepts and assigns the same as error,' does not comply with the
statutory requirement that alleged error shall be plainly and dis-
tinctly pointed out." In *Kennedy* v. *Kennedy, 17 Ga. App.* 397
(87 S. E. 157), it was held: "Where a cause involving both ques-
tions of law and fact is adjudicated by the judge without the inter-
vention of a jury, and the trial results in a finding in favor of the
plaintiff, and upon writ of error to the judgment the only assign-
ment of error is a general one, not specifying how or wherein
the trial judge erred in his judgment, whether as to matter of law
or as to matter of fact, the assignment is too general to be the
foundation of a reversal." See cases cited in that decision. See
also *Lamar, Taylor & Riley Drug Co.* v. *Southern School Book Co.,*
18 *Ga. App.* 650 (90 S. E. 174). In *Duren* v. *First National
Bank,* 18 *Ga. App.* 653 (2) (90 S. E. 224), it was said: "This
case was submitted to the trial judge, sitting by consent without
the intervention of a jury. Evidence was introduced by both sides,
and the judge passed an order directing that the sheriff pay over
the money to the bank. The plaintiff in error made no motion
for a new trial, but sued out a direct bill of exceptions, in which
the assignment of error as to this order was in the following words:
'To which ruling the said E. G. Duren excepted, now excepts, and
assigns the same as error.' A mandatory provision of the Civil
Code, § 6139, is that the bill of exceptions shall specify plainly
the decision complained of, and the alleged *error.* This attempted
assignment of error does not specify the error complained of, and
therefore is not sufficient to raise any question, either of law or
of fact, for review in this court, and accordingly can not be con-
sidered."

In the case now under consideration a motion to open a default
and to set aside a judgment against a garnishee was made, which
set out in detail certain reasons why it was contended that the
judgment against the defendant in an attachment proceeding was
void and illegal, and also alleging certain facts urged by the mov-
ant as a good and sufficient legal excuse for the failure of the

garnishee to answer the summons served upon it, and insisting that the judgment rendered against the garnishee should be for these reasons set aside, the default opened, and the garnishee allowed to file its answer. An amendment was also allowed and filed, which alleged that the judgment against the defendant was void, "there being nothing upon which to found said judgment, there being no appearance by the defendant, no answer by the defendant, and no answer by the garnishee and nothing before the court [no property] of the defendant upon which the process of the court could act." The judgment rendered in the attachment proceeding by the judge of the city court, no jury being demanded, recites that the attachment against the defendant was levied by serving a summons of garnishment on the Charleston & Western Carolina Railway Company, returnable to the February term, 1916, of said court, and that the garnishee failed or refused to answer at said February term, "and it further appearing, upon proof submitted, that, at the time of the service of the summons of garnishment, said garnishee had in his possession property belonging to said defendant, W. L. Gray, to the value of more than the indebtedness of said defendant to the plaintiff herein, now, therefore, after hearing evidence in support of plaintiff's declaration in attachment, no issuable defense having been filed thereto, and the defendant being in default, and no demand for a trial by jury having been made, judgment is hereby rendered by the court in favor of the plaintiff," etc. This judgment was dated May 3, 1916, and on the same day a judgment was entered against the garnishee, the Charleston & Western Carolina Railway Company, which recited that the garnishee was in default, that judgment had been rendered by the court in the attachment proceeding against the principal defendant for the sum therein set out, and further, that proof had been submitted "that, at the time of the service of the summons of garnishment, said garnishee had in its possession property belonging to the said defendant, W. L. Gray, to the value of more than the indebtedness of said defendant to the plaintiff herein."

Even a superficial consideration of the motion to set aside, as outlined above, and of the judgment rendered in the attachment proceeding and in the garnishment proceeding, will clearly demonstrate that at least two main contentions were raised, namely, (*a*)

that the judgment against the defendant in attachment was void, and therefore could not furnish sufficient basis for the judgment against the garnishee; and (*b*) that under the facts recited in the motion and amended motion to set aside, the garnishee was not at fault, and the judgment against it should be set aside for reasons resting upon alleged facts entirely apart from or extrinsic to the record in the trial. The judgment rendered thereon is that "after hearing argument of counsel *and considering the evidence submitted* [italics ours], the within motion" is denied and overruled.

Plainly evidence was introduced in support of the motion to set aside, though, in the absence of any brief of evidence in the bill of exceptions itself, we do not know what that evidence was, and therefore it could not be determined by this court, under a proper exception, whether any or all of the grounds of the motion were supported or defeated by the evidence considered by the court in arriving at the judgment complained of, outside of this particular ground of the motion to set aside the judgment, which might possibly be determined from the pleadings and from the recitals of fact in the various judgments rendered. Whether the plaintiff in error, in the general exception taken to the overruling of his motion, is assigning error upon the finding of the court on the issues of fact presented therein, or is assigning error exclusively on the issues of law raised thereby, can only be surmised. The duty rested upon the plaintiff in error to indicate specifically to this court wherein he asserted the trial court erred in overruling his motion to set aside the judgment against him; and since that motion raises issues both of law and of fact, and the judgment recites that after hearing evidence the same is overruled, etc., by no possible process of reasoning or divination can we determine from the general exception presented to us whether the plaintiff in error is complaining as to the rulings on questions of law or as to the findings of fact. We can not say, from the exception taken, that the plaintiff in error intended to assign error *only* upon the rulings on the questions of law raised in the record, as in some cases in which a somewhat general assignment of error has been held sufficient where a question of law only was submitted to the court, and the court decided adversely to the contention of the plaintiff in error and entered a judgment against him, and error was gen-

erally assigned upon this, as in the cases of *Patterson* v. *Beck* (already referred to) and *Ocilla Southern R. Co.* v. *Morton,* 17 *Ga. App.* 703 (87 S. E. 1088). Considering alone the exception taken, the general assignment of error in the bill of exceptions may be interpreted equally well as applying only to the findings of law, or only to the findings of fact, or perhaps to both the findings of law and of fact, and no suggestion is contained therein as to what particular errors of law or of fact or of both are complained of. The writ of error in this case must therefore be dismissed. While we are reluctant to give the case this direction, the preservation of the recognized precedents touching the practice in this court and the Supreme Court is essential.

*Writ of error dismissed.    Jenkins and Luke, JJ., concur.*

## ON MOTION FOR REHEARING.

PER CURIAM. The motion for a rehearing is based on the assumption that in dismissing the writ of error, on the ground that the assignment of error was too general as to the judgment complained of, the court "overlooked a material fact." The alleged fact is, that "there were two motions made in the court below, upon which two separate judgments were rendered, to the overruling of which exception was made,"—one a motion to open a judgment by default, addressed to the discretion of the judge and depending on evidence outside of the record; the other a motion "based on the record of the judgment" and presenting questions of law only. It is contended that the assignment of error can be treated as applying to the latter independently of the former, and as to the latter is sufficient; and the plaintiff in error asks that it be allowed to amend the bill of exceptions so that the assignment of error shall apply to the judgment on the latter motion only.

It is not true that the bill of exceptions excepts to judgments on two separate and distinct motions. Error is assigned on but one judgment. The bill of exceptions, after stating the case in which the plaintiff in error was garnishee, says that the garnishee filed its "motion to open a judgment in default, rendered against it for having failed to answer a summons of garnishment served upon it in the said case, and set aside said judgment against it as having been improperly rendered, and that, after hearing argument thereon, the court overruled said motion to open said default and refused to set aside judgment, on May 4, 1917." And

without mention of any other motion, judgment, or ruling, the bill of exceptions continues as follows: "Now within the time prescribed by law comes the garnishee, the Charleston & Western Carolina Railway Company, and being dissatisfied with the *ruling* and desiring to except to the Court of Appeals, says that the court erred in not granting *said motion* to open said default and to set aside the *said judgment;* and plaintiff in error specifies as the record," etc. The parts of the record specified, in addition to the attachment and garnishment proceedings and the judgments therein, are "the motion of garnishee's to open said default judgment, together with the answer that the garnishee requested that it be allowed to file, also the *amendment to the motion to open default and to set aside the judgment against garnishee,* together with the orders of the court on said motions;" the words "orders of the court on said motions" referring, of course, to the original motion and the amendment to that motion. No other motion is mentioned. The transcript of the record contains the original motion (filed June 9, 1916), in which the garnishee "moves the court to set aside" the judgment against it, "as having been improperly rendered, and moves the court to open said judgment, and to allow it to answer said garnishment, if it should be required to do so and if it has not done so," for reasons stated, which include facts extrinsic of the record. Upon this motion is an entry of the judge, dated May 4, 1917, that after hearing arguments of counsel "and considering the evidence submitted, the within motion is hereby declined and overruled." An entry of the judge on the same date and in similar terms, including the words "considering the evidence submitted," appears also on a paper in the transcript of the record headed *"Amended motion to open judgment by default against garnishee."* The body of the latter motion, however, makes no reference to any judgment against the garnishee; it moves to set aside the judgment "against *the defendant,*" because there was "no appearance *by the defendant,*" etc. There is in the record an additional paper, filed on the day on which the motion or amendment just mentioned was filed (November 29, 1916), and headed also: "Amended motion to open judgment by default against garnishee;" and it in fact proposes to amend the motion to open that judgment. If, however, it be assumed that this is not the amendment described by the bill of exceptions in

specifying the parts of the record to be sent up, but that the paper referred to is the one in which it is moved that the judgment against *the defendant* be set aside, the plaintiff in error itself treats the paper as an amendment, and therefore as relating back to and a part of the original motion. Moreover, a garnishee is not entitled to move to set aside a judgment against the defendant alone (see *Jones* v. *Maril,* 19 *Ga. App.* 216 (3)); and if the motion in which this garnishee seeks to set aside the judgment against the defendant could be considered at all, it would be only as an amendment adding to the original motion an attack on the validity of that judgment as a reason for setting aside the judgment against the garnishee. And although judgment is entered separately on the two papers, the entries are contemporaneous and are to be treated as relating to a single motion, of which the amendment (if it can be considered at all) is a part, and are to be treated as a judgment depending on evidence, each entry containing the words "after . . considering the evidence submitted." Clearly, as before stated, the assignment of error refers to but one judgment; and as it appears that that judgment depended on evidence, and was a judgment on matters of fact and not on matters of law only, it comes within the ruling announced in the second division of the decision of this court in this case.

We will add, however, that even if the questions of law raised could be considered independently of any question of fact, we think an affirmance should result.

*Motions to amend, and for rehearing, denied.*