## SMITH *v.* SALMON *et al.*

An equitable petition to set aside a judgment upon an attachment alleged to have been unlawfully and wrongfully issued against the petitioner during her temporary absence from the county, upon a demand that she did not owe, but held or claimed against her husband by the plaintiff in the attachment suit (of which suit the petitioner did not have notice or knowledge until after a sale of her property under the

attachment levy and a disposition of the proceeds of sale), and to have declared void the sale under the levy, and to recover of the plaintiff in attachment the value of the property sold, set forth a cause of action.

No. 1295. JANUARY 16, 1920.

Equitable petition. Before Judge Wright. Floyd superior court. January 2, 1919.

*Hamilton & Hamilton,* for plaintiff.

*W. B. Mebane,* for defendants.

GEORGE, J. Mrs. Paul F. Smith filed an equitable petition in Floyd superior court, against Frank Salmon, doing business as the Frank Salmon Furniture Company, W. F. Salmon, his agent, and W. W. Hawkins, a justice of the peace, all residents of Floyd county. In substance the plaintiff alleged, that on November 23, 1917, Frank Salmon, by and through his agent, W. F. Salmon, made affidavit before the justice of the peace aforesaid, for the purpose of having attachment issue against the plaintiff, who was temporarily absent from the county; that it was averred in the affidavit that the plaintiff was due Frank Salmon the sum of $50.20; that subsequently bond was given, and the attachment was issued and levied upon certain houshold and kitchen furniture of the plaintiff; that thereafter a judgment in attachment was entered against the plaintiff and the specific property seized by the levying officer, and in due course the property was sold and the proceeds thereof disposed of as follows: $50.20 to Frank Salmon, $8.70 for costs, and $6.00 for drayage, leaving a balance of $18.54 to be paid to the plaintiff; that the plaintiff was not in fact indebted to Frank Salmon in any sum whatever, and the affidavit, the foundation of the attachment proceeding, was wilfully, knowingly, falsely and fraudulently made for the purpose of giving the court jurisdiction to enforce against the plaintiff (who did not owe the same, to the knowledge of Frank Salmon) an alleged demand held or claimed by Salmon against the plaintiff's husband; that the plaintiff had a perfect defense to the attachment suit, but did not have notice or knowledge of the same until after the sale of her property and the disposition of the proceeds thereof as aforesaid. She prayed that the judgment in attachment be set aside, the sale declared void, her property restored to her, "or that the said Frank Salmon, doing business as Frank Salmon Furni-

ture Company, pay your petitioner the value thereof," and for process. Frank Salmon and W. F. Salmon demurred upon the grounds that the petition set forth no cause of action, that the plaintiff had an adequate and complete remedy at law, and that the court was without jurisdiction to grant the relief prayed. The demurrer was sustained, and the plaintiff excepted.

Applying the principle ruled in *Neal* v. *Boykin,* 129 *Ga.* 676 (59 S. E. 912, 121 Am. St. R. 237), *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922); *Wallace* v. *Wallace,* 142 *Ga.* 408 (2) (83 S. E. 113), and *Lester* v. *Reynolds,* 144 *Ga.* 143 (2), 144 (86 S. E. 321), the petition set forth a cause of action, and the court erred in dismissing it upon demurrer.

<div align="center">

*Judgment reversed. All the Justices concur.*