### EDWARDS *v.* FINLEY *et al.*

An exception to the final judgment in a habeas-corpus case, in the following words: " To which said judgment of the court the plaintiff excepted and now excepts and assigns the same as error," is too indefinite to present any question for consideration; and the writ of error must be dismissed.

No. 1809.    MAY 13, 1920.

Habeas corpus. Before Judge Pendleton. Fulton superior court. November 22, 1919.

*Walter A. Sims,* for plaintiff.

*Anderson, Rountree & Crenshaw* and *R. H. Jones Jr.,* for defendants.

GEORGE, J. This is a habeas-corpus case involving the custody of a minor. The minor in question, Charles Edwards, was born on April 30, 1917. The petition was brought by W. H. Edwards, the foster parent of the child, against Sam E. Finley. The answer of the respondent denied the right of the applicant to the custody of the child, and alleged that the child was in the legal custody of the Georgia Children's Home Society, and was then in his possession by permission of the society. He prayed the court to require the controversy to be made between the applicant and the society. The society filed its intervention, setting up its right to the custody of the child; and by order of the court it was made a party defendant to the case. At the conclusion of the evidence the court passed an order remanding the child to the custody of the society, to which judgment the applicant excepted, assigning error as follows: " To which said judgment of the court the plaintiff excepted and now excepts and assigns the same as error."

The assignment of error upon the judgment remanding the custody of the child to the society is too indefinite to present any question for consideration by this court, or to furnish ground for reversing the judgment. This case does not belong to that class of cases in which a general assignment of error may be made to the judgment, as in the case of *Kirkland* v. *Atlantic & Birmingham Ry Co.,* 126 *Ga.* 246 (55 S. E. 23). In that case error was assigned upon an interlocutory order refusing a temporary injunction. The case involved the exercise of the judge's discretion. The judgment excepted to in this case is a final judgment, and the judge passed upon all questions of law and fact involved in the case. The case is in principle controlled by the decisions in *Adams* v. *May,* 145 *Ga.* 234 (88 S. E. 928) ; *Haley* v. *Commercial National Bank of Macon,* 147 *Ga.* 555 (94 S. E. 1013) ; *Knight* v. *Knight,* 149 *Ga.* 513 (101 S. E. 181) ; *Rogers* v. *Rogers,* ante, 181 (103 S. E. 156). Under these decisions the assignment of error upon the final judgment in this case is too indefinite to raise any question for decision.

*Writ of error dismissed. All the Justices concur.*