20400. BELL *v.* MACON FINANCE COMPANY.

STEPHENS, J. 1. An attorney, in acknowledging service of a bill of exceptions in behalf of the defendant in error, is presumably, at the time, the attorney for the defendant in error, with authority to make the acknowledgment. Civil Code (1910), § 4961; *Edwards* v. *Wall*, 153 *Ga.* 776 (113 S. E. 190); *Dobbins* v. *Dupree*, 39 *Ga.* 394; *Dobbins* v. *Dupree*, 36 *Ga.* 108. The issue as to whether an attorney who has acknowledged service of a bill of exceptions for and in behalf of the defendant

in error had authority to do so can not be determined in this court. *Georgia, Florida & Alabama R. Co.* v. *Lasseter,* 122 *Ga.* 679 (51 S. E. 15). See, in this connection, Civil Code (1910), § 4960; *Wade* v. *Watson,* 133 *Ga.* 608 (66 S. E. 922). The motion to dismiss the writ of error, on the ground that the attorney who acknowledged service of the bill of exceptions had no authority from the defendant in error to make the acknowledgment, is therefore denied.

2. An entry upon a petition for certiorari which, under the ruling this day made in *Flood* v. *Empire Investment Co.,* ante, 257 contains an acknowledgment of service of notice of the sanction of the writ, and which also contains a waiver of "all other, further, and better service, notice of filing, hearing and other formality," amounts not only to an acknowledgment of notice of the sanction of the writ, but also to a waiver of notice of the time and place of hearing. The acknowledgment and waiver having been made more than ten days before the sitting of the court to which the certiorari was returnable, as required in section 5190 of the Civil Code of 1910, the judge of the superior court erred in dismissing the certiorari on the ground that the required notice had not been given.

*Judgment reversed. Jenkins, P. J., concurs. Bell, J., disqualified.*

DECIDED OCTOBER 17, 1930.

*E. F. Goodrum,* for plaintiff in error.
*Nottingham & Nottingham, Luther V. Bloodworth,* contra.

