### 31502, 31503. BYERS *v.* CITY OF ATLANTA (two cases).

BROYLES, C. J. 1. Assignments of error, whether contained in a bill of exceptions or in a petition for certiorari, must be specific; and, when based upon a judgment of the trial court, must specifically point out the reason why the judgment is error; and, where the only assignment of error in a bill of exceptions to a judgment is that the plaintiff in error excepted to the judgment and assigns the same as "error," the assignment of error does not point out the reason why the judgment is erroneous and presents no question for the consideration of this court. *Kimball* v. *Williams*, 108 *Ga.* 812 (33 S. E. 994); *Collins* v. *Carr*, 111 *Ga.* 867 (36 S. E. 959); *Wheeler* v. *Worley*, 110 *Ga.* 513 (35 S. E. 639); *Wall* v. *Hawker Co.*, 27 *Ga. App.* 255 (2) (108 S. E. 134); *Burkes* v. *State*, 71 *Ga. App.* 808 (32 S. E. 2d, 420).

2. In each of the instant cases, the judgment complained of was the overruling of a certiorari, and the assignment of error was as follows: "To which order this plaintiff [in error] then and there excepted and now excepts and assigns error thereon, and says that the court erred in denying said certiorari." In view of the ruling in the preceding head-

note, the assignment of error in each of these cases was not "specific" within the meaning of the statute (Code, § 6-901), and the writ of error in each of these cases must be and is

*Dismissed. MacIntyre and Gardner, JJ., concur.*

DECIDED MARCH 11, 1947.

*M. F. Stinchcomb,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin,* contra.