No. 43.—THOMAS B. HANCOCK, plaintiff in error, *vs.* CYRUS Ross, defendant in error.

[1.] Where the terms of a special agreement have been performed on one side, and nothing is to be done on the other but to make a money payment, such payment may be enforced by *indebitatus assumpsit.*

[2.] Where goods have been supplied under a special agreement, but not in conformity thereto, compensation may, nevertheless, be enforced by action of *general assumpsit*, if the defendant has retained and enjoyed the benefit of what was actually furnished.

Assumpsit, &c. in Marion Superior Court. Tried before Judge WORRELL, February Term, 1855.

This was an action of assumpsit, by Hancock against Ross, for the price of a buggy and harness. At the trial, plaintiff proposed to prove, by A. D. Chambliss, that "defendant offered him, as agent for plaintiff, $155 for the buggy and harness, and witness agreed to take it if he could do no better. Afterwards, witness met him and told him he had brought him the buggy. Defendant said he had not the money; wit-

Hancock *vs.* Ross.

ness proposed to wait till Christmas, by paying interest; defendant said he had no way of giving the note; witness told him that he would leave the buggy at his house, and he could have the dash-board mended, and when witness came back he would take the note and pay for the mending. To this, defendant agreed."

To this testimony, Counsel for defendant objected, on the ground, that it disclosed a special contract, and did not support the action. The Court sustained the objection, and this decision is assigned as error.

BLANDFORD; OLIVER, for plaintiff in error.

PRYOR, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The rule, that where there is an express contract between the parties, they cannot resort to an implied one, is so clear, and has prevailed so long, that it is said to have been reduced to an axiom of law.

But it is also very well settled, that where the terms of the special agreement have been performed on one side, and nothing is to be done on the other but make a money payment, such payment may be enforced by *indebitatus assumpsit.* (*Cooke vs. Munstone*, 1 *B. & P.* 354, *B. N. P.* 139. *Alcorne vs. Westerbrooke*, 1 *Wils.* 117. *Bianchi vs. Nash*, 1 *M. & W.* 545. See, also, notes to *Cutter vs. Powell*, 2 *Smith's L. C.* 1. *Clark vs. Fairchild*, 22 *Wend.* 517. *Bank of Columb. vs. Patterson*, 7 *Cranch* 299.)

Let us apply these principles to the case before us. There was an express agreement between the parties; and it appears, that all that was for the advantage of the defendant, which the plaintiff, by his agent, had undertaken to perform, was performed by him. He agreed to deliver the buggy for the price stipulated, and to call afterwards and pay the person whom the defendant might get to mend the dash-board,

and to receive a note for the purchase money. It is true that the record does not show that any payment was ever made by the plaintiff for the mending of the buggy, or that he ever called for the note. But it does not appear that this was made a *condition precedent* in the agreement. If the plaintiff has not paid for mending the buggy, he is liable for it, and it may be collected from him, and the defendant need not necessarily have paid for the same, or have made himself liable therefor. If he did not call for the note, no one has suffered injury by it but himself; so that these things were not conditions precedent to the defendant's deriving the advantage to himself, which was contemplated in the execution of the contract. The money payment, therefore, which he agreed to make, may be collected from him by this action, which is in the nature of an action of assumpsit, and the rate of recompense, viz : the price of the buggy which was fixed by the special contract, may be looked to as the measure of damages ; not that the plaintiff can ground his claim, when his action is in general assumpsit, upon the special agreement, but that such agreement may be taken as *evidence* of value.

[2.] There is another reason why this action may be sustained, notwithstanding the special agreement, and although the plaintiff may not have strictly complied with his part of the contract : and that is, that according to this record, the defendant appears to have retained the buggy, and enjoyed the benefit of the contract to a certain extent, and without repudiating it. In such cases, an action of *indebitatus assumpsit* will lie, even where there has been a special contract. (*Farnsworth vs. Garrard*, 1 *Camp*. 38. *Park, J. in Read vs. Rann. Hayward vs. Leonard*, 7 *Pick*. 181. *Linningdale vs. Livingston*, 10 *Johns*. 36.) And see other cases, cited at 2 *Smith's L. Cases*, 25.

Judgment reversed.