DOBBINS vs. THE PYROLUSITE MANGANESE COMPANY.

1. Although the declaration in this case was somewhat loosely drawn, yet, not having been demurred to when it might have been amended, the defect cannot afterwards be taken advange of.

2. While it was made to appear that there was a contract in writing between the parties as to the lease of the plaintiff's land and the amount to be paid therefor by the defendant, yet it also appeared that the plaintiff had performed his part of the contract, and nothing remained to be done on the part of the defendant but to make a money payment.   Under these facts, *indebitatus assumpsit* will lie to recover the money, and the contract is evidence of the debt.

3. The president of a corporation who manages its business affairs is its active agent, and his admissions and promise to pay a debt of the corporation will bind the latter.

(*a.*) There was sufficient evidence to have carried this case to the jury.

December 22, 1885.

Pleadings.   Evidence.   Contracts.   Corporations.   Admissions.   Before Judge HAMMOND.   Bartow Superior Court.   July Term, 1885.

Reported in the decision.

M. R. STANSELL, for plaintiff in error.

MILNER, AKIN & HARRIS;  J. A. BAKER, for defendant.

BLANDFORD, Justice.

Dobbins sued out an attachment against defendant upon an account.   The declaration declared on an account, which was "for royalty on manganese ore."

On the trial, Dobbins testified that the account was correct, and that Woodward, the president of the company, promised to pay it. Stansell also testified that Woodward, the president of the company, after the suit was commenced, promised to pay the account. Woodward, as president, appeared for the company, and pleaded the general issue.

It was shown that there was a contract in writing between plaintiff and defendant as to the rent of plaintiff's land by defendant and the amount of royalty that was to be paid for such rent. The contract was in court, but not exhibited in evidence. After the plaintiff had closed his case, the court ruled out the admissions of Woodward. A motion by defendant to non-suit the case was granted by the court, and this is assigned as error. The defendant in error insists that this judgment of the court is right:

(1.) Because the declaration is insufficient in not setting out a bill of particulars.

(2.) Because the plaintiff showed a special contract in writing between the parties, and the same should have been sued on.

(3.) Because the admissions of Woodward were not sufficient to bind the company, and were properly ruled out, and there was no evidence which authorized the case to be submitted to a jury.

1. The declaration in this case is somewhat slipshod, but the same was not demurred to by defendant, when it might have been amended. This answers the first ground.

2. While it was made to appear that there was a contract in writing between these parties as to the lease of plaintiff's land and the amount to be paid therefor by defendant, yet it appeared that plaintiff had performed his part of the contract, and nothing remained to be done, on the part of defendant, but to make a money payment; under these facts, *indebitatus assumpsit* will lie to recover the money, and the contract is evidence of the debt. *Han-*

*cock vs. Ross*, 18 *Ga.*, 364.   See the notes to Cutter *vs.* Powell, 2 Smith's L. C., 1.

3. The court erred in ruling out the admissions of Woodward, the president of the company, as to the correctness of the account and his promise to pay the same. The president of a corporation who manages the business affairs of the same is its active agent, and his admissions and promise to pay a debt of the corporation will bind the latter, on the principle that his acts and sayings are those of the corporation. They are *dum fervet opus* as to the corporation. There was sufficient evidence to have carried this case to the jury.

Judgment reversed.