## 81.   CHAPMAN *v.* CONWELL.

1. A justice of the peace has the right to declare a mistrial, where the jury can not agree on a verdict. Even if this right did not exist as an inherent right in the court, its exercise would not result in preventing the further prosecution of the case which had been withdrawn from the consideration of the jury by the declaration of a mistrial.

2. A sued B in a justice's court "in an action of debt due on an account." The evidence showed that B's liability was based on an agreement made with A to pay for the property represented by the account, in the event of its destruction by fire while A's house was occupied by B's servant. A fully performed his part of the contract, and nothing remained to be done by B, except to pay for the property which was destroyed by fire while the house was occupied by his servant. *Held,* that such an action was properly brought, although there was an express contract between the parties on the subject-matter from which the debt arose. The contract in question was evidence of the debt. *Johnson* v. *Quin*, 52 *Ga.* 485; *Hill* v. *Balkcom*, 79 *Ga.* 444; *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 599.

3. The contract in this case was an original undertaking, and not within the statute of frauds.

4. The value of the personal property destroyed by fire, for which the defendant had expressly agreed to pay, was substantially shown by the evidence.

Certiorari, from Elbert superior court—Judge Holden.   March 14, 1906.

Submitted February 11,—Decided February 14,—Rehearing denied March 2, 1907.

*Z. B. Rogers,* for plaintiff in error.   *O. Roberts,* contra.

HILL, C. J.   Conwell brought suit against Chapman in the justice's court for a "debt due on an account."   A copy of the account attached to the summons was as follows:

"M. E. Chapman to G. E. Conwell, debtor.

Jan. 2d, 1904.   To 2 horse-loads of crab-grass hay, 3000 lbs. at $15.00, $22.50; 6 one-horse loads pea vine hay, 2½ tons, $33.75; 1500 bundles fodder at $2 per 100, $30.00.—$86.25.

Georgia, Elbert County.   Personally comes G. E. Conwell, who on oath says that the above account is just, true, due and unpaid.

G. E. Conwell.

Sworn to and subscribed before me, this 14th day of ——, 1904.

T. J. Cleveland, J. P."

The defendant answered the suit by a general denial of the indebtedness, and by stating that if he did owe any part or all of said account, "the charges are excessive, and that plaintiff has included in his account items that should not be."   Before filing his answer the defendant filed two special pleas: first, a plea to the jurisdiction; second, a plea in abatement.   Both of said special pleas averred that at a previous trial of said case in the justice's court, the presiding justice had declared a mistrial and dismissed the jury which had said case under consideration, said mistrial having been declared by the justice without the knowledge or consent of the defendant; and it was averred that the justice had no authority under the law to declare a mistrial, and that said suit should be dismissed.   The justice overruled both of said special pleas, and the case proceeded to trial before a jury, which found a verdict for the plaintiff, in the sum of $62.50; and judgment was entered accordingly.   The defendant filed his petition to the superior court for the writ of certiorari, which was sanctioned, and the writ issued.   On the hearing of the certiorari in the superior court, it was overruled and a new trial refused, and the case comes to this court for review.

An understanding of the errors insisted on in this court makes necessary a consideration of the evidence adduced on the trial in the justice's court.   This evidence may be substantially stated as follows:   The defendant had employed a negro woman, for whom he wanted to get a house to live in until his own was ready

for her occupation. He asked the plaintiff to let him put her in his house, and the plaintiff agreed to do so, provided the defendant would be responsible for the destruction by fire of certain agricultural products which he had stored in said house, being the same for which suit is brought. The defendant made the promise and agreement, and put his servant in the house. The house burnt down, and the said personal property was destroyed by the fire. After the fire, the plaintiff went to the defendant and demanded that he perform his agreement and pay for the products so destroyed. This the defendant agreed to do, stating that "he would be as good as his word, and would pay for the stuff." This promise, however, seems to have been "made to the ear and broken to the hope," for the defendant did not pay; and hence the suit. The assignments of error insisted upon before this court are: (1) that the pleas in abatement and to the jurisdiction should have been sustained by the justice, and the case dismissed. (2) If the plaintiff in the justice court had any rights upon which he could recover, they were based upon an express contract and not upon an open account, and the suit should have been based upon the contract. (3) That the evidence showed that the cause of action sued on was a parol promise to answer for the debt, default, or miscarriage of another. (4) That the verdict was without evidence to support it, as it failed to show any value of the agricultural products, which had been destroyed by the fire.

1. We think a justice of the peace has a right to declare a mistrial. Even if such right is not expressly given by statute, it must exist as an inherent right of all courts where jury trials obtain. If, however, the justice should exercise such right without authority, we can not agree with our learned brother who represents the plaintiff in error that the result would be to destroy the right of action or abate the suit.

2. The second ground of error is not without difficulty. But under the liberal rules of pleading applicable to suits in justice's courts, we think this suit can be upheld. The bill of particulars attached to the summons called upon the defendant to pay for the value of certain agricultural products. It is true, he had not received any of the goods sued for, but he had expressly agreed to pay for them in the event of their destruction by fire while his servant was occupying the plaintiff's house, where the goods were

stored. This was a contract between the parties which the plain-tiff had fully performed on his part, to wit, he had turned his house over to the servant of the defendant, with an express agreement with the defendant that he would pay for the personal property if the same was destroyed by fire while the servant occupied the house. The event happened which fixed the liability of the defendant, and there was nothing left to be performed but payment by the defendant of the loss incurred. Under these facts an action on the account will lie to recover the value of the property destroyed, and the contract is evidence of the debt. *Dobbins* v. *Pyrolusite Co.,* 75 *Ga.* 450; *Hill* v. *Balkcom,* 79 *Ga.* 444; *Hancock* v. *Ross,* 18 *Ga.* 364.

3. The facts in this case show that the agreement to pay, made by the defendant, was an original undertaking, and not within the statute of frauds.

4. The value of the agricultural products destroyed by the fire was substantially shown by the evidence. The bill of particulars sets forth the value of each kind of product destroyed, and the plaintiff testified that the account was correct, as set out by said bill of particulars.

For the reasons given, we hold that the judgment of the superior court, overruling the certiorari and refusing to remand the case for a new trial, was correct.       *Judgment affirmed.*