### FOUNTAIN *v.* RAGAN-MALONE COMPANY.

1. Section 5 of the act of the General Assembly, approved August 17, 1908 (Georgia Laws 1908, p. 112), does not violate art. 1, sec. 4, par. 1, of the constitution, which prohibits the enactment of a special law in any case for which provision has been made by an existing general law.
2. Nor is the portion of the act referred to in the preceding note violative of art. 3, sec. 7, par. 8, of the constitution, which prohibits the insertion in the body of an act of matter different from what is expressed in the title thereof.
3. Nor does such portion of the act above mentioned offend art. 3, sec. 7, par. 17, of the constitution, which requires that an amending act shall distinctly describe the law to be amended and the alteration to be made. NOVEMBER 15, 1913.

Constitutional question; from Court of Appeals (4961).

The Court of Appeals has certified to the Supreme Court the following questions: "Is section 5 of the act of the General Assembly approved August 17, 1908 (Georgia Laws 1908, p. 112), which act is entitled 'An act to amend an act establishing the city court of Ashburn, in the County of Turner, found on page 150 Acts 1906 of the General Assembly, approved August 21, 1906,' and which section is in the following language: 'Be it further enacted by the authority aforesaid, that in all civil cases where the principal sum involved does not exceed two hundred dollars, and in all cases where a suit is filed upon an unconditional contract in writing, and where no defense is filed at the appearance term,

the plaintiff shall be entitled to make out his case and have judg-
ment thereon at the first term, or have default judgment at said
term of court,' unconstitutional for any of the following reasons:
(1) Because in conflict with provisions of the general law relating
to such matters, as found in Civil Code of 1910, sections 5653-5662
inclusive, and therefore repugnant to article 1, section 4, paragraph
1, of the constitution of this State, which provides that 'no special
law shall be enacted in any case for which provision has been made
by an existing general law.'  (2) Because violative of article 3,
section 7, paragraph 8, of the constitution of this State, in that the
said act of 1908 contains matter different from what is expressed
in the title thereof.  (3) Because violative of article 3, section 7,
paragraph 17, of the constitution of this State, in that the said act
of 1908 undertakes to amend the act establishing the city court of
Ashburn (Acts 1906, p. 150) by mere reference to its title, and
without distinctly describing the law to be amended and the alter-
ations to be made?"

A. S. *Bussey,* for plaintiff in error.
*Hardeman, Jones, Park & Johnston,* contra.

ATKINSON, J.  1.  The provisions of the Civil Code, § 5653
et seq., relate to the procedure in superior courts.  They have no
reference to practice and procedure in the city court of Ashburn,
except in so far as the act creating the city court of Ashburn (Acts
1906, p. 150) makes those provisions of the general law a part of
that act.  The provision of the constitution, art. 6, sec. 9, par. 1
(Civil Code, § 6527), in regard to the uniformity of procedure in
the courts of this State, expressly excepts from its operation city
courts, and the procedure in the city courts is not required to be
uniform.  It was competent to amend the act of 1906, creating the
city court of Ashburn, in regard to the subject of procedure, as
was done by section 5 of the amending act of 1908, referred to in
the questions propounded by the Court of Appeals, without offend-
ing art. 1, sec. 4, par. 1, of the constitution, prohibiting the enact-
ment of a special law in a case for which provision has been made
by an existing general law.

2.  The caption of the act of 1908 and section 5 of that act are
copied in the question propounded by the Court of Appeals, and it
is unnecessary to reproduce them.  The caption refers to the former
act establishing the city court of Ashburn in sufficiently descriptive

terms, and purports "to amend" that act. This caption is sufficiently broad to comprehend any germane matter. *Newman* v. *State,* 101 *Ga.* 534 (28 S. E. 1005); *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247); *Clark* v. *Black,* 136 *Ga.* 812 (72 S. E. 251). The provisions of section 5 relate to practice and procedure in the city court, and, when read in connection with the provision of the original act, appear to be intelligible and germane; and they do not render the act violative of art. 3, sec. 7, par. 8, of the constitution, as constituting matter different from what is expressed in the title.

3. The caption of the act describes the law to be amended. The body of the act does not restate the description of the law to be amended in the language employed in the caption, but substantially identifies it by referring to certain sections thereof and setting forth various particulars in which the old act is intended to be amended. In this way the amending act clearly describes the act of 1906 (Acts 1906, p. 150), establishing the city court of Ashburn, as the law to be amended, and the respect in which it was intended that the law should be amended. It thus appears that, when considered in its entirety, the amending act of 1908 distinctly describes the law to be amended, as well as the alterations to be made, and does not violate art. 3, sec. 7, par. 17, of the constitution. *Newman* v. *State,* supra.      *All the Justices concur.*