## 8472, 8473. PHILLIPS v. BRIDGES; and *vice versa.*

BROYLES, P. J. 1. On a negotiable promissory note, dated December 13, 1905, and payable one month after date, the payee made the following indorsement: "For value received, I transfer and assign to Bainbridge State Bank the within note and mortgage, with full recourse on me. Dec. 13, 1905. D. Phillips." In a suit upon the note, brought against the maker and the payee by the transferee and holder of the note, the

payee was allowed, over appropriate and timely objections of the plaintiff, to testify that he was merely an accommodation indorser of the note. *Held*, that under the particular facts of the case, and especially in view of the solemn recital in the written assignment of the note, signed by the payee, that for value received he transferred and assigned it with full recourse on himself, he was estopped from testifying that as a matter of fact he was an accommodation indorser only. This case does not fall within any of the exceptions to the well-known rule of law that parol evidence is inadmissible to contradict or vary the terms of an unambiguous written contract. Section 3556 of the Civil Code of 1910, which provides that "If the fact of suretyship does not appear on the face of the contract, it may be proved by parol, either before or after the judgment (the creditor not being delayed in his remedy by such collateral issue between the principal and his surety), if before judgment the surety shall give notice to the principal of his intention to make such proof," is clearly not applicable to the facts of this case. Had this illegal testimony (the admission of which, under the other facts of the case, was very harmful to the plaintiff) been rejected, a verdict for the plaintiff would have been demanded.

2. It appearing that the question made in the cross-bill of exceptions is controlling upon the case as a whole, it has been first considered; and inasmuch as the judgment therein is reversed, the alleged errors in the main bill of exceptions will not be considered. *Gay* v. *Gay*, 108 *Ga.* 739 (32 S. E. 846); *Moore* v. *Kiser*, 144 *Ga.* 460 (2) (87 S. E. 403); *DeLoach* v. *Georgia Coast & Piedmont R. Co.*, 144 *Ga.* 678 (3) (87 S. E. 889).

3. The contention in the brief of counsel for the plaintiff in error, that the cross-bill of exceptions should be dismissed, is without merit. Where this court has jurisdiction of the writ of error on a main bill of exceptions, it will consider and decide all questions properly made by a cross-bill of exceptions, although such questions may be interlocutory in character, where, under the judgment of this court, the case is to be again tried in the lower court. Civil Code (1910), § 6139; *Sheppard* v. *Daniel Miller Co.*, 7 *Ga. App.* 760 (4) (68 S. E. 451).

*Judgment reversed on cross-bill of exceptions; main bill of exceptions dismissed. Jenkins and Bloodworth, JJ., concur.*

DECIDED JULY 5, 1917.

Complaint; from Miller superior court—Judge Worrill. January 10, 1917.

*P. D. Rich*, for plaintiff.

*B. B. Bush, N. L. Stapleton, W. V. Custer*, for defendant.