## 11146. SCOGGINS *v.* THE STATE.

1. The constitution of this State, and not the certificate of the trial judge to the bill of exceptions, determines which reviewing court has jurisdiction of a case.
2. Since the adoption of the amendment of 1916 to section 2 of article 6 of the constitution of this State (Park's Code, Supp. 1917, §§ 6502, 6506), the Court of Appeals, and not the Supreme Court, has jurisdiction to review a judgment of a superior court overruling a motion to change the venue in a case where the defendant was charged with murder, and where no constitutional question was raised in the lower court.
3. Where the trial judge in his certificate to the bill of exceptions directs that a case, of which this court and not the Supreme Court, has jurisdiction, be sent to the Supreme Court, but where the clerk of the trial court transmits it to this court, this court will retain possession of it and enter it upon its docket without the unnecessary circumvolution of first transferring it to the Supreme Court for the sole purpose of having that court by a formal order transfer it back to this court.
4. The motion to dismiss the bill of exceptions is denied.
5. The court did not err in denying the motion to change the venue.

DECIDED JANUARY 7, 1920. REHEARING DENIED JAUNARY 18, 1920.

Application for change of venue; from Bibb superior court—Judge Graham presiding. November 28, 1919.

*John R. Cooper, W. O. Cooper Jr.,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BROYLES, C. J. This was a motion to change the venue of a case where the defendant was charge with murder. The motion was denied, and the defendant sued out a bill of exceptions to the Supreme Court; the judge, in his certificate thereto, directed that the case be sent to that court, but the clerk of the trial court transmitted it to this court, and the plaintiff in error now moves that the case be transferred to the Supreme Court. No constitutional question was raised in the trial court.

1,3. The law, and not the certificate of the trial judge to the bill of exceptions, determines at which term a case shall be heard. *DeLoach* v. *Trammell,* 72 *Ga.* 198; *Gordon* v. *Gordon,* 109 *Ga.* 264 (2) (34 S. E. 324). Since the adoption of the act of 1893 (Ga.

L. 1893, p. 52) now embodied in section 6147 of the Civil Code of 1910, the only mandatory provision of section 6145 of the Civil Code of 1910 is that the trial judge shall certify the bill of exceptions to be true; the other provisions of the section are directory only. *Bailey* v. *Guthrie,* 1 *Ga. App.* 350 (58 S. E. 103). Applying the principle of these rulings to the question now under consideration, it must be held that the constitution, and not the certificate of the trial judge, determines which one of the two reviewing courts of this State has jurisdiction of the case.

Previous to the constitutional amendment of 1916 the Supreme Court retained jurisdiction of bills of exceptions to judgments overruling motions to change the venue in murder cases, not on the ground that such a proceeding constituted a criminal case or a part thereof, but solely on the ground that it was a case of a civil nature arising in the superior courts (*Wilburn* v. *State,* 140 *Ga.* 138, 78 S. E. 819), and the Supreme Court then had jurisdiction of all such cases. Since the constitutional amendment referred to, the jurisdiction of the Supreme Court, as to civil cases arising in the superior courts, has been restricted to certain classes of cases, and a motion to change the venue of a criminal case does not fall within any of those classes; and since that constitutional amendment all bills of exceptions to the overruling of motions to change the venue in murder cases have, when sent to the Supreme Court, been uniformly transferred to this court; the first of such cases being *Marshall* v. *State,* 20 *Ga. App.* 416 (93 S. E. 98), transferred to this court May 18, 1917.

Under the practice adopted in both reviewing courts, where a case has been sent by the clerk of the trial court to the reviewing court which has no jurisdiction thereof, it will be transferred by a formal order from that court to the court having jurisdiction; but where the clerk transmits a case to the reviewing court which has jurisdiction, although the judge may have directed that it be transmitted to the other court, the court having jurisdiction of the case will retain it and enter it upon its docket, without obtaining any formal order of transfer from the court to which it was erroneously directed by the judge.

Under the above rulings the motion of the plaintiff in error to transfer the case to the Supreme Court is denied.

4. A bill of exceptions which sets forth a general complaint

of the refusal to change the venue in a criminal case will not be dismissed on the ground that it does not contain a legally sufficient assignment of error, where this court can, from an examination of both the bill of exceptions and the transcript of the record, ascertain what questions were passed on by the trial judge and what rulings the plaintiff in error seeks to have reviewed. See, in this connection, Civil Code (1910), § 6183; *Anderson* v. *Newton,* 123 *Ga.* 512 (51 S. E. 508); *Kirkland* v. *Atlantic & Birmingham Ry. Co.,* 126 *Ga.* 246 (55 S. E. 23). Under the above ruling the motion to dismiss the bill of exceptions is denied.

5. The evidence introduced upon the hearing of the motion to change the venue was conflicting upon the material issues, and it does not appear that the judge abused his discretion in denying the motion. See, in this connection, *Crawley* v. *State,* 24 *Ga. App.* 33 (99 S. E. 705), and cases there cited.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

ON MOTION FOR A REHEARING.

BROYLES, C. J. 1. A constitutional question, to be considered by this court, must be made during the trial of the case in the lower court. It is too late to raise such question for the first time in this court. *Hendry* v. *State,* 147 *Ga.* 260 (8) (93 S. E. 413); *Bolton* v. *Newnan,* 147 *Ga.* 400 (94 S. E. 236). See also, in this connection, Godchaux Co. *v.* Estopinal, 251 U. S. (40 Supt. Ct. 116).

2. There is no merit in any ground of the motion for rehearing. *Rehearing denied. Luke and Bloodworth, JJ., concur.*