## 19617.   ENNIS *v.* SIMMERSON.

DECIDED JULY 9, 1929.

*Allen & Pollle,* for plaintiff.  *Sibley & Sibley,* for defendant.

LUKE, J.  T. H. Ennis brought suit in a justice's court against Ralph Simmerson on an open account and obtained a judgment, and the defendant appealed to the superior court.  On the trial in the superior court Ennis tendered an amendment to the cause of action, which was disallowed.  The defendant filed a general demurrer, and the court sustained the demurrer and dismissed the suit.  The plaintiff excepted, assigning error on the disallowance of his amendment, and on the sustaining of the general demurrer.

Defendant in error insists that there is no sufficient assignment of error in the bill of exceptions.  The bill of exceptions recites all the proceedings, including the disallowance of the plaintiff's amendment, and the sustaining of the demurrer, and specifies, as material to a clear understanding of the errors complained of, the original summons with the account attached thereto, the order thereon, the appeal from the justice's court, the general demurrer and the order sustaining it, and the amendment offered by the plaintiff, with the order of the court disallowing it, and further recites: "Plaintiff in error *specifies as error:* 1. The judgment and order of the court disallowing the amendment offered by him. 2. The judgment and order of the court sustaining the general demurrer in said case." This is a sufficient assignment of error. *Patterson* v. *Beck,* 133 *Ga.* 701, 707 (66 S. E. 911); *DuBose* v. *Bank of Sparta,* 139 *Ga.* 115 (76 S. E. 864).

The first question presented for consideration is whether the suit as originally brought in the justice's court is a suit for damages or a suit on open account.  A mere casual perusal of the action will show that it did not proceed as a damage suit.  It made no prayer for damages, does not contain the requisites of a damage suit, and could not be maintained as such.  Neither is it, as originally drawn, without defect as a suit on open account, but it certainly constitutes a cause of action that is sufficient to authorize an amendment thereto.  The suit began with a summons from a justice's court which designated it as a "suit on account," and had attached thereto an itemized bill of particulars properly sworn to by plaintiff.  It contained six items.  The first two items were for the value of property apparently converted by the defendant; and since it is

not shown that the articles were converted into money, a suit on open account in assumpsit would not lie; and, had no amendment been offered, these two items should have been stricken on demurrer. The third item is for "Broken window pane (Mr. Simmerson agreed to replace)." The fact that this item shows that defendant agreed to replace the pane clearly makes it subject to a suit on open account, as shown by authority hereinafter cited. The fourth item, "Work putting in front-door glass, 1.50," can be nothing more or less than a claim for pay for labor; and, regardless of what may have developed on the trial, we are now testing the action as against a general demurrer, and must consider the allegations as being true. The fifth item is for material and labor in erecting an electric sign, and the sixth item is cost of transformer for electric sign.

Before the demurrer was passed upon the plaintiff offered the following amendment: "Now comes the plaintiff in the above-stated case and amends his action in the justice court, and says that as to all the items set out in the bill of particulars the defendant contracted and agreed to pay all of the sums sued for both before and after the liability set up accrued." In disallowing this amendment the court erred. Without this amendment the first two items of the bill of particulars were subject to be stricken, as hereinbefore held. The third item was on open account based on an express contract as evidence of the debt (and this alone would have been a sufficient basis for amendment) ; and the last three items were on open account based on an implied agreement to pay, as are all open accounts. With the amendment allowed, all the items would be on an open account based on an express agreement as evidence of the debt. In the case of *Chapman* v. *Conwell,* 1 *Ga. App.* 212 (58 S. E. 137), the second headnote is as follows: "A sued B in a justice's court 'in an action of debt due on an account.' The evidence showed that B's liability was based on an agreement made with A to pay for the property represented by the account, in the event of its destruction by fire while A's house was occupied by B's servant. A fully performed his part of the contract, and nothing remained to be done by B, except to pay for the property which was destroyed by fire while the house was occupied by his servant. *Held,* that such an action was properly brought, although there was an express contract between the parties on the subject-matter from which the

debt arose. The contract in question was evidence of the debt. *Johnson* v. *Quin*, 52 *Ga.* 485; *Hill* v. *Balkcom*, 79 *Ga.* 444 [5 S. E. 200]; *Tumlin* v. *Bass Furnace Co.*, 93 *Ga.* 599 [20 S. E. 44]." In that case the defendant contended that if the plaintiff in the justice's court had any right upon which he could recover, it was based upon an express contract and not upon an open account; and in dealing with this question the court held: "The bill of particulars attached to the summons called upon the defendant to pay for the value of certain agricultural products. It is true, he had not received any of the goods sued for, but he had expressly agreed to pay for them in the event of their destruction by fire while his servant was occupying the plaintiff's house, where the goods were stored. This was a contract between the parties which the plaintiff had fully performed on his part, to wit, he had turned his house over to the servant of the defendant, with an express agreement with the defendant that he would pay for the personal property if the same was destroyed by fire while the servant occupied the house. The event happened which fixed the liability of the defendant, and there was nothing left to be performed but payment by the defendant of the loss incurred. Under these facts *an action on the account will lie* to recover the value of the property destroyed, and the *contract is evidence of the debt.* (Italics ours.) *Dobbins* v. *Pyrolusite Co.*, 75 *Ga.* 450; *Hill* v. *Balkcom*, 79 *Ga.* 444 (supra); *Hancock* v. *Ross*, 18 *Ga.* 364." In the instant case, had plaintiff's amendment been allowed, the contract would have been "evidence of the debt." See *Dobbins* v. *Pyrolusite Co.*, 75 *Ga.* 450 (2).

In testing the action as against a general demurrer we must consider it without regard to what may develop on the trial. After a careful consideration of each of the last four items of the bill of particulars we fail to find in them anything that indicates that the defendant's liability to the plaintiff was based on *damage* which the defendant had done; and as to these four items the court erred in sustaining the demurrer, even without regard to the proffered amendment.

The court erred in disallowing the plaintiff's amendment, and in thereafter sustaining the general demurrer and dismissing the petition.

*Judgment reversed.* *Broyles, C. J., and Bloodworth, J., concur.*