POWELL, executrix, *v.* POWELL; *et vice versa.*

Nos. 10297, 10310. NOVEMBER 21, 1934.

*M. D. Irwin, John I. Kelley,* and *Robert B. Blackburn,* for plaintiff.

*John C. Houston* and *Hope D. Stark,* for defendant.

HUTCHESON, J. Mrs. Carrie Powell, as executrix of the will of W. H. Powell, deceased, filed her petition against C. W. Powell, alleging that her testator and the defendant had been engaged in a partnership business; that each owned a half interest therein and were to divide the profits and share the losses equally; that during the course of such business they signed a promissory note for $11,590.21; that W. H. Powell paid off said note and had it transferred to him, and the defendant is indebted to petitioner $5795.10; that on October 22, 1928, W. H. Powell, then in life, filed his bill in Bibb superior court against C. W. Powell, on the same substantial allegations and the same cause of action as in her petition outlined, and praying for the same relief; that pending this action W. H. Powell died, and petitioner as executrix was made a party plaintiff; that the case came on for trial, and on April 24, 1933,

a nonsuit was granted; and that petitioner has paid the costs in said suit, and files this petition in Gwinnett County, where the defendant resides. The defendant demurred on the grounds that the cause of action was barred by the statute of limitations, that a copy of the pleadings in Bibb superior court was not attached to the petition, and that jurisdiction of Bibb superior court was not alleged. This demurrer was overruled, and that ruling is assigned as error in the defendant's cross-bill of exceptions.

The defendant filed a plea in abatement, alleging that on June 25, 1925, W. H. Powell filed suit against defendant in Fulton superior court on the same cause of action; that said suit was between the same parties and was still pending when the present suit was filed; that the suit in Fulton superior court shows the following entry of service: "Georgia, Fulton County. I have this day served the defendant, C. W. Powell, personally with a copy of the within petition and process. This July 6, 1925. Lane Mitchell, Deputy Sheriff;" that Fulton superior court has jurisdiction of the case filed therein by said plaintiff; that the allegations set out a cause of action against this defendant, and a copy of said suit is attached to the plea; and defendant prays that the action in Gwinnett superior court be quashed. To this plea the plaintiff filed a demurrer and a response. The demurrer was overruled, and on the trial, after hearing evidence, the court sustained the plea in abatement and dismissed the case. The plaintiff excepted.

■ The allegation in the plea in abatement, "that the superior court of Fulton County has jurisdiction of the case heretofore filed therein by said plaintiff as against said defendant, under the allegations of the declaration in said case," brings the case squarely within the ruling laid down by this court in *Wilson* v. *Atlanta, Knoxville & Northern Railway Co.*, 115 *Ga.* 171 (41 S. E. 699), where it was held that such allegation was sufficient. The other grounds of the demurrer were met by the attaching to the plea of a copy of the suit in Fulton superior court; and the demurrer was properly overruled.

■ The plea in abatement having alleged a former adjudication of the subject-matter between the same parties, and a response thereto having been filed, it is proper for the court to inquire into the issues thus made. Where the first action is defective to such extent that no recovery could be had, the filing of the former suit

will not abate the present action. *Rogers* v. *Hoskins,* 15 *Ga.* 270 (3). The rights of the parties must be considered and adjudicated, before a former adjudication will bar the subsequent suit. Although the entry upon the suit in Fulton superior court shows that it was duly served upon "C. W. Powell," the uncontradicted testimony on the hearing of the plea in abatement is that the "C. W. Powell" who was served in that proceeding and the "C. W. Powell" named in the present suit were not one and the same person. Where there is no service, there is no suit pending; and the mere filing of the petition, without proper service, is not sufficient. *McClendon* v. *Hernando Phosphate Co.,* 100 *Ga.* 219 (28 S. E. 152) ; *Hackney* v. *Asbury,* 124 *Ga.* 678 (2) (52 S. E. 886). Under these rulings, the plea in abatement should not have been sustained. Since we hold that, for lack of service, there was no suit pending in Fulton superior court, the question of waiver by appearance and pleading in another forum will not be inquired into.

▮▮ In the cross-bill of exceptions error is assigned on the overruling of the defendant's special demurrer to the petition. The rule that exception can only be taken as to a final disposition of the case does not apply to questions raised by a cross-bill of exceptions, when the court has acquired jurisdiction of the main bill and the cause is to be tried again in the court below. In such case this court will decide questions made by the cross-bill. *Sheppard* v. *Daniel Miller Co.,* 7 *Ga. App.* 760-763 (68 S. E. 451) ; *Phillips* v. *Bridges,* 20 *Ga. App.* 489 (3) (93 S. E. 115). We are of the opinion that the court should have before it the pleadings in the suit filed in Bibb superior court, in order to determine just what the allegations were in that proceeding, and whether or not the two suits are for the same cause of action and between the same parties. Where the point is raised by timely special demurrer, a plaintiff who relies on the privilege of renewal to escape the bar of the statute of limitations may be required to attach to his petition a copy of the petition in the first suit. *Atlanta, Knoxville & Northern Railway Co.* v. *Wilson,* 119 *Ga.* 781 (47 S. E. 366) ; *McMurria* v. *Scaife,* 20 *Ga. App.* 101 (92 S. E. 544). The court erred in not sustaining this ground of the special demurrer; but upon another trial plaintiff is given the right to amend the petition by attaching copy of the pleadings in the former suit. In the instant case the suit was not barred by the statute of limitations, because of the fact

that it purports to be a revival of the former suit in Bibb superior court, and the petition alleges that in that case a nonsuit was granted, and that the costs have been paid, and the dates therein set out show that the present suit was filed within the time prescribed by law. "If a plaintiff shall be nonsuited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing, as to limitation, with the original case." Civil Code (1910), § 3786. When this case was here on appeal from Bibb superior court (171 *Ga.* 840, 156 S. E. 677), it was held that "The statute of limitations does not commence to run in favor of one partner against another, even after a dissolution of the partnership, as long as there are debts due from the partnership to be paid, or debts due to it to be paid." It follows, that, as the suit in Bibb superior court was not barred by the statute, the petition in this case, which alleges that it is a reinstitution of that case, would not be barred. The case is remanded for trial upon the ruling stated in the second headnote.

*Judgment reversed on each bill of exceptions. All the Justices concur.*