31676, 31689.   GUNN *v.* AIRBANK OF AMERICA INC.;
and *vice versa.*

Decided December 1, 1947.  Adhered to on rehearing December 20, 1947.

*John L. Breen, James Barrow,* for plaintiff in error.

*Milner & Stephens, MacDougald, Troutman, Branch & Sams, William H. Schroder,* contra.

MacIntyre, P. J: ■ The defendant made a motion in this court to dismiss the cross-bill of exceptions, on the ground that this court is without jurisdiction because the cross-bill excepts to and assigns error only on interlocutory and antecedent rulings of the City Court of Athens, and does not assign as error the final judgment of the city court.

The original record in the case of *Sheppard* v. *Daniel Miller Co.,* 7 *Ga. App.* 760 (68 S. E. 451), shows that a motion was made to dismiss the cross-bill of exceptions on the ground, among others, that "said bill of exceptions fails to allege that there has been any final judgment in the court below and contains no exception to any final judgment, and seeks to present for review an interlocutory ruling pending the controversy in the trial court." The court held that the rule as to the final disposition of a case in the court below, which applies to cases brought to this court by main bill of exceptions, does not apply to questions made by a cross-bill of exceptions, and "where this court has jurisdiction of the writ of error on a main bill of exceptions, it will consider and decide all questions properly made by a cross-bill of exceptions, although such questions may be interlocutory in character, where, under the judgment of this court, the case is to be again tried in the court below." See *Phillips* v. *Bridges,* 20 *Ga. App.* 489 (3) (93 S. E. 115); Code, § 6-901; *Powell* v. *Powell,* 179 *Ga.* 817, 819 (177 S. E. 566).

■ Since the questions presented in the cross-bill of exceptions are controlling upon the case as a whole, it will be considered first; and inasmuch as the judgment therein is reversed, the alleged errors in the main bill of exceptions will not be considered. *Phillips* v. *Bridges,* supra; *Stewart* v. *Latimer,* 197 *Ga.* 735 (3) (30 S. E. 2d, 633).

■ As shown above, the defendant properly filed a general demurrer to the petition before the beginning of the November term of the City Court of Athens, and filed no other defensive pleading until he filed his answer on January 25, 1947.

The question presented for determination is whether, under the acts governing the City Court of Athens which abolish the appearance term, the general demurrer filed by the defendant before the beginning of the November term, which is the return term, debars the filing of other defenses at times subsequently to the first day of such November term.

The act of 1894 (Ga. L. 1894, p. 210, 211), relative to the City Court of Athens, then the City Court of Clarke County, provides: "That all civil cases shall be returnable to and liable at the regular quarterly' term of said city court, after twenty days having elapsed from the filing and docketing on the proper docket of the court, and the same shall be served on the defendant at least fifteen days before the term at which the case is returnable and liable. The appearance term of said court is here by abolished, and the defendants shall file their defense on or before the first day of said term of said court, and said cases shall then be tried unless continued, postponed, or passed by the court for such causes and under such rules as cases are now continued, postponed, or passed, or unless not reached by the court."

We are of the opinion that, under the provisions of the act creating the City Court of Athens, supra, all defensive pleading must be filed in the City Court of Athens on or before the first day of the term to which the case is returnable. See *Fountain* v. *Ragan-Malone Co.,* 141 *Ga.* 58, 59 (80 S. E. 306). We also think that the filing of a demurrer, plea, answer, or other defense (in this case a demurrer) on or before the first day of the term to which the case is returnable debars the filing of other defenses at times subsequently to the first day of such term. As stated in *Harper* v. *Tennessee Chemical Co.,* 37 *Ga. App.* 433,

435 (140 S. E. 408) : "In such a case the defendant is restricted to the defenses entered, with such aid only as can be derived from proper amendments thereto . . since the filing of a defense debars the filing of subsequent defenses, except by way of amendment, as effectually as would a judgment of 'in default.' If the defendant's pleadings can not, even by amendment, be made to serve, he can not, upon their being stricken, substitute new defenses, as though none had been filed. The rule which allows the belated filing of a plea in a case in actual default, but which has not been so adjudged, does not authorize the 'successive presentation of new defenses at later terms as old ones failed and were stricken.' . . Accordingly, since all the right a defendant has to file belated pleas in cases actually in default but not so legally adjudged is derived from the practice act referred to [Code, 1933, § 110-401] . . he is bound in his privileges by the limitations of the act relied on, and where he has actually filed 'a demurrer, plea, answer, or other defense,' so as to render the section cited inoperative, he can not be allowed, by virtue of such section, to take advantage of a failure to render a judgment of 'in default.' "

The Supreme Court, in *Miami Butterine Co.* v. *Frankel,* 190 *Ga.* 88, 93 (93 S. E. 2d, 398), stated: "In *Harper* v. *Tennessee Chemical Co.,* 37 *Ga. App.* 433 (4) (140 S. E. 408), that court held that where a defendant files a demurrer . . at the first term, so as to prevent the case from being subject to a judgment of 'in default,' the defendant is restricted, at a subsequent term, to the defense made at the first term, 'with such aid only as can be derived from proper amendments thereto.' "

The act creating the City Court of Athens seems to endeavor to speed up the trial and disposition of cases brought in such court. Bearing in mind that said act abolishes the appearance term of said court and provides that the defendants shall file their defense on or before the first day of the term to which the case is returnable, where a defendant files a demurrer in the City Court of Athens on or before the first day of the term to which the case is returnable, so as to prevent the case from being subject to a judgment of "in default," the defendant is restricted at times subsequently to the first day of such term to the defense made on or before the first day of such term, with

such aid only as can be derived from a proper amendment thereto.

In the instant case, the filing of the general demurrer before the first day of the term to which the case was returnable prevented the case from being subject to a judgment of "in default." *Harper* v. *Tennessee Chemical Co.*, supra. We think that the trial judge erred in allowing the defendant to file his answer, because it was offered too late, and that the trial judge erred in marking the case in default.

■ Code (Ann.) §2-3907, provides: "The court shall render judgment without the verdict of a jury in all civil cases, except actions ex delicto, where no issuable defense is filed except: as otherwise provided in this Constitution, and subject to the right of trial by a jury on written demand of either party." The act of 1879 (Ga. L. 1878-79, pp. 291, 296, § XXVI), provides: "The Judge of said City Court shall have power and authority to hear and determine all civil cases over which said Court has jurisdiction, and to give judgment and award execution thereon without the intervention of a jury: *provided, always,* that either party, in any such case, shall be entitled to demand and have a jury to try said case, which demand shall be in writing, and signed by himself or his counsel, and may be entered at any time prior to the introduction of any evidence upon the trial of the case."

The record discloses no demand by the defendant for a trial by jury. Since there was no issuable defense properly before the court, after overruling the defendant's general demurrer to the petition, the trial judge erred in not granting the plaintiff's motion not to mark the case in default, but to enter judgment without the intervention of a jury.

*Judgment reversed on the cross-bill of exceptions; main bill dismissed. Gardner and Townsend, JJ., concur.*

ON REHEARING

MacIntyre, P. J. On February 27, 1947, the plaintiff filed the following exceptions pendente lite: "Be it remembered in said stated matter that at the November Term, 1946, of said court before the final judgment, the court on February 7, 1947, entered an order dismissing the defendant's answer to the plaintiff's petition and marked the case 'in default.' Thereupon plaintiff moved the court to allow it to enter judgment for the amount of $15,480,

the amount sued for, plus costs. The court, thereupon, overruled plaintiff's motion and, on motion of defendant, after a showing by defendant, allowed the defendant to open the default and reinstate his original answer, all of which was done on February 7, 1947. To the ruling of the court refusing to allow plaintiff to enter judgment as stated above, and to the order of the court allowing defendant to open the default and reinstate his answer, the plaintiff then and there excepted, now excepts and assigns the same as error, and prays that this its bill of exceptions pendente lite be certified to as true and ordered placed on the record."

On April 28, 1947, the plaintiff offered an amendment to the exceptions pendente lite filed February 27, 1947, which amendment was allowed.

The defendant contends that the exceptions pendente lite are insufficient and present no assignment of error for determination by this court. He contends further that the amendment to the exceptions pendente lite was not filed within the time provided by law and cannot be considered by this court.

In its cross-bill of exceptions, the plaintiff assigned error upon the exceptions pendente lite filed February 27, 1947, and in addition to the parts of the record specified in the original or main bill of exceptions, specified the material parts of the record necessary to a clear understanding of the errors complained of in the cross-bill of exceptions.

Even if the exceptions pendente lite were not amendable in the lower court or in this court on the motion as made prior to the commencement of the argument, the cross-bill of exceptions will not be dismissed on the ground that the exceptions pendente lite do not contain legally sufficient assignments of error, where this court can, from an examination of both the exceptions pendente lite and the transcript of the record, ascertain what questions were passed on by the trial judge and what rulings the plaintiff seeks to have reviewed. *DuBose v. Bank of Sparta,* 139 *Ga.* 115 (76 S. E. 864) ; *American Investment Co..v. Cable Co.,* 4 *Ga. App.* 106 (60 S. E. 1037) ; *Scoggins v. State,* 24 *Ga. App.* 677 (102 S. E. 39) ; *Reynolds v. Speer,* 38 *Ga. App.* 570 (144 S. E. 358) ; *Ennis v. Simmerson,* 40 *Ga. App.* 119 (149 S. E. 67) ; *Anderson v. Ashford & Co.,* 44 *Ga. App.* 176, 180 (160 S. E. 804) ;

*Readdick* v. *Forsythe,* 52 *Ga. App.* 54 (182 S. E. 407) ; *Mullis* v. *McCook,* 185 *Ga.* 171 (194 S. E. 171) ; *Leathers* v. *Waters,* 35 *Ga. App.* 757 (134 S. E. 806) ; *Kirkland* v. *Atlantic & Birmingham Ry. Co.,* 126 *Ga.* 246 (55 S. E. 23).

Under the above rulings, the motion to dismiss the cross-bill of exceptions is denied.

The defendant also contends that we have overlooked the act of 1912 (Ga. L. 1912, p. 189), in rendering our opinion contained in the third division of the opinion filed December 1, 1947. This act provides: "It is hereby enacted by the General Assembly of the State of Georgia, That from and after the passage of this act defaults in the City Court of Athens shall be opened under the same rules and restrictions as in the superior courts, and the judge of said court shall have the same authority and discretion as to opening defaults that judges of the superior courts have."

The case of *American Agricultural Chemical Co.* v. *Smith,* 45 *Ga. App.* 159 (164 S. E. 83), cited by the defendant, is clearly distinguished by its facts from the instant case. In that case the trial judge allowed the defendant to file an answer several terms after the first term, but the record shows that no defensive pleading was filed until the answer was offered, and the record does not disclose that the defendant was ever served with process or that he acknowledged or waived such service.

We think that the filing of the general demurrer in the instant case before the first day of the term to which the case was returnable prevented the case from being subject to a judgment of "in default;" therefore, the act above quoted is not applicable in the instant case. The trial judge erred in allowing the defendant to file his answer, because it was offered too late, and in marking the case in default. See *Dodson Printer's Supply Co.* v. *Harris,* 114 *Ga.* 966 (41 S. E. 54).

We are of the opinion that we have not misconstrued the cases of *Harper* v. *Tennessee Chemical Co.,* 37 *Ga. App.* 433, and *Miami Butterine Co.* v. *Frankel,* 190 *Ga.* 88, as contended by the defendant.

Division four of the opinion has been withdrawn and rewritten and the headnotes have been changed to conform thereto. In view of this, the other contentions of the defendant are not meritorious.

*Judgment adhered to. Gardner and Townsend JJ., concur.*